1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FAROOQ ABDUL ALEEM,                    No.  2:20-cv-0629 CKD P

12              Plaintiff,

13         v.                                ORDER

14    PATRICK COVELLO, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  On March 25, 2020, the court screened plaintiff's complaint as the court is required to do

19    under 28 U.S.C. §1915A(a).  Plaintiff's complaint was dismissed with leave to amend.  Plaintiff

20    has now filed an amended complaint.

21         Again, the court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

23    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26    U.S.C. § 1915A(b)(1), (2).

27         The court has reviewed plaintiff's amended complaint and finds that it fails to state a

28    claim upon which relief can be granted under federal law.  Plaintiff's amended complaint must be

1

1   dismissed.  The court will, however, grant plaintiff one final opportunity to state a claim upon

2   which relief could be granted in a second amended complaint.

3         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

4   the conditions complained of have resulted in a deprivation of plaintiff's federal rights.  See Ellis

5   v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In his amended complaint, plaintiff fails to identify a

6   federal right violated.  Allegations of violations of state rights are insufficient to confer federal

7   jurisdiction.  28 U.S.C. § 1330 et seq.

8         Also, plaintiff must allege in specific terms how each named defendant is involved.  There

9   can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

10  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

11  (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights

12  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  For

13  example, a warden of a prison is not liable simply because a violation occurred at his or her

14  prison.

15        Finally, the court notes that the allegations in plaintiff's amended complaint are vague in

16  that plaintiff fails to point to facts suggesting he suffered actionable injury at the hands of any

17  defendant.  In order to avoid dismissal for failure to state a claim a complaint must contain more

18  than "naked assertions," "labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S.

19  544, 555-557 (2007).  In other words, "mere conclusory statements do not suffice."  Ashcroft v.

20  Iqbal, 556 U.S. 662, 678 (2009).

21        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's second amended complaint complete.  Local Rule 220 requires that any amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  general rule, an amended complaint supersedes all prior complaints.  See Loux v. Rhay, 375 F.2d

25  55, 57 (9th Cir. 1967).

26  /////

27  /////

28  /////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1. Plaintiff's amended complaint is dismissed.

3    2. Plaintiff is granted thirty days from the date of service of this order to file a second

4 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

5 of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear

6 the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

7 to file a second amended complaint in accordance with this order will result in a recommendation

8 that this action be dismissed.

9 Dated:  June 4, 2020

10    CAROLYN K. DELANEY

11    UNITED STATES MAGISTRATE JUDGE

12

13

14    1
      alee0629.14(2)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3